UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CENK OZER,<br><br>Plaintiff,<br>v.<br><br>STATE OF WASHINGTON, et. al.,<br><br>Defendants. | CASE NO. 3:26-cv-05031-BHS<br><br>ORDER |

This matter is before the Court on defendant the United States' Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, Dkt. 32; plaintiff Cenk Ozer's "Urgent Motion to Require Discovery to Proceed and to Deny a Current and Future Blanket Stay of Discovery," Dkt. 35; the United States' Opposition to Plaintiff's discovery motion and cross-motion for a protective order, Dkt. 36; defendant State of Washington's motion for judgment on the pleadings, Dkt. 39; and Ozer's motion to join additional defendants, Dkt. 48.

Ozer alleges that he enlisted in the Washington State National Guard in reliance on assurances that his immigration paperwork would be completed in a "timely and reasonable manner." Dkt. 20 at 1. Although he alleges that his form was eventually

signed April 2025, and that he naturalized later that year, he complains that his paperwork was not processed in a timely manner and that the delay caused him emotional suffering and hampered his ability to seek civilian employment in the aviation industry. He also alleges that a superior officer questioned him about this litigation for an "extended period" after he filed his original complaint. Dkt. 20 at ¶76. His Amended Complaint named the State of Washington, the Washington Military Department, and two individuals, Staff Sergeant Nixon and Lieutenant Colonel Robillard,[1] seeking $3 million in damages and an order prohibiting the defendants from retaliating against him. He asserts negligent misrepresentation, "administrative negligence," and "detrimental reliance" claims. *Id.* at 9–10.

The United States removed the case here and substituted itself in lieu of Nixon and Robillard under the officer removal statute, 28 U.S.C. § 2679(b)(1). It now moves to dismiss for lack of subject matter jurisdiction. The State of Washington and the Washington Military Department (State Defendants) have moved for judgment on the pleadings.

**I. This Court lacks jurisdiction with respect to Ozer's claims against the United States**

The United States moves to dismiss Ozer's claims against it for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). It argues that both Nixon and

[1] The Amended Complaint refers to a "Major Kevin G. Bobillard" in the caption but later refers to him as "Kevin G. Robillard." The United States has confirmed that the correct spelling is "Robillard," and notes that he has since been promoted to the rank of Lieutenant Colonel. Dkt. 30 at 1, n.1.

Robillard were acting within the scope of their federal employment, meaning that Ozer's claims are controlled by the Federal Tort Claims Act (FTCA), and that because Ozer has failed to exhaust his administrative remedies under the FTCA, he is precluded from pursuing litigation against the United States.

Federal courts are courts of limited jurisdiction—it is presumed that a cause lies outside this Court's jurisdiction unless the party asserting jurisdiction can show otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The FTCA's exhaustion requirement is jurisdictional in nature and may not be waived. *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Courts may consider evidence outside the pleadings when reviewing a "factual attack" on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The United States has submitted certifications attesting that Robillard and Nixon were acting within the scope of their federal employment at the times relevant to Ozer's allegations. Dkt. 30-1 (Robillard); Dkt. 3-1 (Nixon). It has also submitted the declaration of James Green, a Management Support Assistant with the US Army Claims Service, attesting that Ozer submitted an administrative claim on 05/26/2026, but that the claim had not been denied. Dkt. 33-1. Based on this evidence, it argues that the FTCA applies to Ozer's claims, and that he has failed to satisfy its exhaustion requirement. It asks the Court to dismiss Ozer's claims against the United States without leave to amend, but without prejudice.

Ozer did not respond to the United States' motion. However, in his response to the United States' motion for a protective order, he insists that he should be permitted "narrow" jurisdictional discovery into the following subjects:

- the identity and role of each person who received, possessed, routed, reviewed, supervised, approved, delayed, tracked, or communicated about [his form];
- the dates on which each such person possessed or acted upon the [form];
- documents sufficient to identify each such person's employing governmental entity, duty status, assigned responsibilities, and applicable chain of command during the relevant period;
- the routing, tracking, custody, and disposition history of [his form]; and
- identification and preservation of relevant custodians, records, and electronically stored information concerning the [form].

Dkt. 43 at 43. Ozer apparently doubts that Nixon and Robillard were acting in a federal capacity and wants to conduct discovery to determine whether he can plead counter-facts.

Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1024 (D.C. Cir. 1998) (jurisdictional discover should be permitted "if allegations indicate its likely utility"). In this case, the pertinent jurisdictional facts—whether Nixon and Robillard were acting under state or federal authority—are not controverted by any facts alleged in Ozer's Amended Complaint. Instead, Ozer merely "alleges that the relationship between the Washington Army National Guard and the United States Army involves overlapping state and federal responsibilities, duties, and command structures" and that "the precise capacities in which various personnel acted during the handling of [Ozer's form] can only reasonably be clarified through discovery." Dkt. 20 at ¶44, 47. The mere possibility that

Ozer could allege counter-facts supporting his argument does not entitle him to jurisdictional discovery. *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 706 F. Supp. 3d 1363 (S.D. Fla. 2020) ("a party is not entitled to jurisdictional discovery to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation").

The United States has persuasively demonstrated that this Court lacks subject matter jurisdiction with respect to Ozer's claims against it. Ozer's claims against the United States are **DISMISSED** without prejudice and without leave to amend.

### II. Ozer has failed to plausibly state a claim upon which relief can be granted against the State of Washington and the Washington Military Department

The State Defendants move for judgment on the pleadings under Rule 12(c). Rule 12(c) "is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although courts must accept as true the complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise

proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The State Defendants argue that Ozer's claims are barred by *res judicata*. Not so. Although this Court granted the State Defendants' motion to dismiss Ozer's first complaint, in which it requested that the Court grant dismissal with prejudice, the order explicitly granted leave to file an amended complaint to cure the defects identified in the order. Dkt. 19. Ozer was therefore not barred from renewing his claims against the State Defendants in his Amended Complaint.[2]

---

[2] The State Defendants also argue that the claims against it should be dismissed for lack of subject matter jurisdiction because Ozer's alleged injuries occurred during his service and are therefore governed by RCW 38.40.030, which they argue "provides the exclusive remedy for tort claims based on incidents occurring while a plaintiff is on state duty," Dkt. 39 at 5. The Court is doubtful whether RCW 38.40.030 applies to all tort claims, as the State Defendants suggest. In *Edgar v. State*, 92 Wn.2d 217 (1979), a member of the Washington Air National Guard sued the state alleging that his superior officers had intimidated, harassed, and threatened him. The Court declined to answer whether such claims could be pursued under Washington's general tort claims statute, RCW 4.92.090, but seemed to acknowledge that they would not be covered by RCW 38.40.030. *Id.* at 225-26. However, the Court need not resolve this question to dispose of this motion, because Ozer's has failed to state a plausible claim for relief.

Ozer's Amended Complaint contains only conclusory allegations of harm and fails to identify any state actor responsible for the claimed harm. Ozer's first cause of action is negligent misrepresentation. To state a plausible claim of negligent misrepresentation, Ozer must show that (1) the defendant supplied information for the guidance of another in his or her business transactions, (2) the information was false, (3) the defendant knew or should have known that the information was supplied to guide the plaintiff in his or her business transactions, (4) the defendant was negligent in obtaining or communicating the false information, (5) the plaintiff relied on the false information, (6) the plaintiff's reliance was reasonable, and (7) the false information proximately caused the plaintiff damages. *Ross v. Kirner*, 162 Wn.2d 493, 499, 172 P.3d 701 (2007). The plaintiff must also identify a misrepresentation of a then-existing fact; "a statement concerning a future event, an intention, or a subsequent promise to perform cannot support a negligent misrepresentation claim." *Biron v. Amara*, 2026 WL 1678262 (W.D. Wash. June 10, 2026) (collecting cases).

Ozer alleges that "the representations concerning that status and processing of the certification request were inaccurate, incomplete, inconsistent, or negligently communicated," Dkt. 20 at ¶80, but he fails to identify what he was told that was false, when he was told, or by whom. Ozer also fails to explain the nature of his reliance aside from the conclusory assertion that he "relied upon those representations in structuring his military service, immigration planning, and professional career planning." What actions was he induced to take to his detriment? He does not say. He also does not allege that the speaker(s) knew or should have known that any misrepresentations were for the guidance

of his business transactions. Ozer's third cause of action, "detrimental reliance," simply repackages his negligent misrepresentation claim and fails for the same reasons.

Ozer's last claim, for "administrative negligence," also fails. To maintain an action for negligence, the plaintiff must show: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Ranger Ins. Co. v. Pierce Cnty.*, 164 Wash. 2d 545, 192 P.3d 886 (2008). Ozer alleges that the defendants "owed [him] a duty to reasonably process, route, handle, track and administer" his paperwork, and that they failed to do so, but he fails to allege the source or articulate the scope of any such duty. Dkt. 20. Nor does he plausibly allege injury and proximate cause. He vaguely alleges that he suffered "professional instability" but does not allege how his professional career suffered or how such injury is traceable to the defendants' conduct. As for the claim of emotional distress, Ozer represents that he held legal immigration status during the relevant period, but that the delay in obtaining citizenship caused him great anxiety because he was worried that he might nevertheless be deported. *See* Dkt. 14. Thus, it appears his claimed emotional harms are more fairly characterized as fears about what others, not the State Defendants, might do to him.

The State Defendants are also correct that the Amended Complaint identifies no state actors responsible for Ozer's claimed injuries. Even putting aside the previously discussed deficiencies, Ozer has alleged facts that would lead to the conclusion that the State Defendants were responsible for any harm he may have suffered.

The State Defendants' motion for judgment on the pleadings is **GRANTED, and Ozer's claims against them are DISMISSED** with prejudice.

Finally, Ozer seeks to join two additional defendants: Roland Hawkins, a Recruit Sustainment Program (RSP) First Sergeant, and Joseph Bell, an RSP Commander, both of whom Ozer claims were in his chain of command during his seven months assigned to the Washington State RSP. He claims that he spoke with Hawkins on several occasions and "begged [him] to get [the form] signed," and that "Hawkins repeatedly indicated that the matter would be taken care of at a later time." Dkt. 48 at 2. Which it was.

Ozer makes no specific allegations against Bell but infers from that fact that this form "remained unresolved during that period" that "both individuals in my chain of command acted negligently and unlawfully." *Id.* These threadbare conclusory allegations are again insufficient to state a plausible claim against either Hawkins or Bell, and the motion is **DENIED**.

The United States' motion to dismiss, Dkt. 32, is **GRANTED**. Ozer's claims against the United States are dismissed without prejudice and without leave to amend. The State of Washington and Washington State Military Department's motion for judgment on the pleadings, Dkt. 39, is **GRANTED**, and Ozer's claims against those defendants are dismissed with prejudice. Ozer's motion to compel discovery, Dkt. 35, and the United States' cross-motion for a protective order, Dkt. 36, are **DENIED** as moot. Ozer's motion to join additional defendants, Dkt. 48, is **DENIED**.

The Clerk shall enter a judgment and close the case.

IT IS SO ORDERED.

//

//

Dated this 13th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge